UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KEILA ROSA CAMARENA,

    Petitioner,

v.                                           Case No. 8:19-cv-01954-T-60AAS

DIRECTOR, ERO TAMPA FIELD
OFFICE, IMMIGRATION AND
CUSTOMS ENFORCEMENT (ICE);
ACTING SECRETARY, U.S.
DEPARTMENT OF HOMELAND
SECURITY (DHS),

    Respondents/Defendants.
_____/

**ORDER DENYING PETITIONER'S "VERIFIED
PETITION FOR WRIT OF HABEAS CORPUS, APA
JUDICIAL REVIEW, AND DECLARATORY RELIEF"**

This matter is before the Court on Petitioner's "Verified Petition for Writ of Habeas Corpus, APA Judicial Review, and Declaratory Relief" (Doc. #1), filed by counsel on August 7, 2019. On August 9, 2019, the Court entered an Order denying the request for a temporary restraining order and ordered the Government to respond to the allegations of the "Verified Petition for Writ of Habeas Corpus, APA Judicial Review, and Declaratory Relief," which the Court construed as a motion for preliminary injunction. (Doc. # 6). On August 21, 2019, the Government filed its response. (Doc. # 10). On August 23, 2019, Petitioner filed her reply.[1] (Doc. # 12). After reviewing the petition, response, reply, court file, and the record, the Court finds as follows:

---

[1] Petitioner requests that the Court accept her reply that she characterizes as filed out of time. Because the reply was due on August 23, 2019, the Court accepts the reply as timely.

## BACKGROUND

On July 31, 2019, Petitioner initially filed an action seeking identical or substantially similar relief in the United States District Court for the Southern District of Florida. *See* (Doc. # 1-4). On August 2, 2019, the district judge entered an order finding that the case belonged in the Middle District of Florida because Petitioner was presently confined by means of ankle monitor to Tampa, Florida. In order to afford Petitioner time to refile her claims in the proper court before the alleged deadline for removal, the district judge issued a temporary restraining order for fourteen (14) days, staying the removal order until August 16, 2019.

Petitioner filed the instant petition on August 7, 2019, initiating this action against Defendants Director, ERO Tampa Field Office, Immigration and Customs Enforcement (ICE) and Acting Secretary of the Department of Homeland Security (DHS). (Doc. ## 1, 2, and 3). Petitioner alleges that she is subject to a final order of removal, and that she has been informed by ICE that she and her husband are required to depart from the United States to enforce their outstanding removal orders before August 8, 2019.[2] Petitioner alleges that her forced removal to the Dominican Republic prior to the denial of Forms ETA A-19003-58275, I-140, and I-601A would violate her regulatory, statutory, and due process rights, in addition to violating the Administrative Procedures Act. Petitioner seeks to enjoin Defendants from executing the outstanding removal order against her prior to the denial of her Forms I-140, or I-601A.

---

[2] As the Court previously noted, this date has been extended by Order to August 16, 2019.

## ANALYSIS

The Government argues that this Court does not have jurisdiction to review the final removal order. Petitioner appears to agree that this Court has no jurisdiction to review the removal order itself, but instead contends that the Court may issue a stay so that she may complete the provisional waiver process.

Although Petitioner styles her motion as a habeas petition, she is not actually challenging the legality of her confinement. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973) (explaining that the purpose of a writ of habeas corpus is to secure the release of an individual from illegal custody). What Petitioner requests, practically speaking, is to enjoin Defendants from removing her before she is able to complete the provisional waiver process. This relief sounds more like a request for a preliminary injunction and should be treated as such.

The Court lacks subject matter jurisdiction to review Petitioner's claims because she is attacking the execution of her final removal order. *See* 8 U.S.C. § 1252(a)(5) (providing that "a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter"); *Cheng Ke Chen v. Holder*, 783 F. Supp. 2d 1183, 1186 (N.D. Ala. 2011) ("[P]etitioner's request for a stay of removal and for a temporary restraining order against the respondents to prevent his removal are requests that need to be made to the appropriate court of appeals, in this instance the Eleventh Circuit Court of Appeals.").

Petitioner points to two non-binding, out-of-circuit cases – which are currently pending on appeal – to argue that her removal should be stayed while she applies for a

provisional waiver.  In these cases, the courts ruled that § 1252 did not preclude subject matter jurisdiction because the petitioners were not challenging the validity of the removal order but instead were challenging ICE's legal authority to remove the petitioners before they could proceed through the lawful permanent resident application process.  *See Calderon v. Sessions*, 330 F. Supp. 3d 944 (S.D.N.Y. 2018); *De Jesus Martinez v. Nielsen*, 341 F. Supp. 3d 400 (D.N.J. 2018).  However, "that is . . . . not the law of this Circuit.  And federal law is clear: Congress did not intend for district courts to review removal orders." *Majano Garcia v. Martin*, 379 F. Supp. 3d 1301, 1307 (S.D. Fla. 2018).  Petitioner cannot rely on the provisional waiver process to circumvent removal.  *Id*.

Consequently, the Court finds that it lacks subject matter jurisdiction to review Petitioner's claims.  This Order does not preclude Petitioner from seeking relief in the immigration courts and before the Board of Immigration Appeals, if appropriate. Petitioner may also seek judicial review regarding her final removal order with the appropriate appellate court, if she may do so in good faith.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida this 28th day of August, 2019.

                                                   **TOM BARBER**
                                                   **UNITED STATES DISTRICT JUDGE**